## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In Re: *M/V JOANNA* <br><br>(Haldun Akkaya, Manuel; Magayon Baliad II; Bienvendio Cabanayan Jr.; Gerone Bernabe; Nimuel Nalogon; and Louie Gonzaga; Material Witnesses) | *<br>*<br>*   MISC. NO.: 21-mc-592<br>*<br>*<br>*<br>* |

### SUPPLEMENTAL FACTS IN SUPPORT OF MOTION TO QUASH MATERIAL WITNESS WARRANTS OR OTHER RELIEF REQUESTED IN THE ALTERNATIVE

Detainee Warlito Tan previously filed a Motion to Quash Warrant, or Other Relief Requested in the Alternative (R.Doc. 20). Detained crewmembers Haldun Akkaya, Manuel Magayon Baliad II, Bienvenido Cabanayan Jr., Gerone Bernabe, Nimuel Nalogon, and Louie Gonzaga all joined (R.Doc. 23). The government responded to the Motion (R.Doc. 36) and the Detained Crewmembers replied to that response (R.Doc. 37). The Detained Crewmembers submit the following supplemental facts in support of their continued request that this Honorable Court compel the government to take their depositions in lieu of grand jury testimony; to afterwards quash and/or vacate the Material Witness Warrants issued on March 25, 2021 in this matter and/or to set conditions of release that allow them immediately to be repatriated and live at home with their families until such time as their further testimony is required in this matter. In supplemental support thereof, Detained Crewmembers state as follows:

1. Detained Crewmembers Cabanayan, Bernabe, Nalogon, and Gonzaga accepted service, through counsel, of grand jury subpoenas to testify on April 30, 2021;

2. Detained Crewmembers Akkaya and Baliad accepted service, through counsel, of grand jury subpoenas to testify on May 13, 2021;

3. Detained Crewmember Tan accepted service, through counsel, of a grand jury subpoena to testify on May 28, 2021;

4. Each Detained Crewmember requested immunity, explaining that he did not believe he could be held as a witness if the government was not prepared to grant him immunity, for otherwise the government is really using the material witness statute to coerce a waiver or to detain a target. The government responded that rather than granting immunity itself, it would ask the court to issue compulsions orders effectively granting them §6002 immunity. To date, however, only Detained Crewmembers Gonzaga and Nalogon have received any form of immunity;

5. On April 30, 2021, Detained Crewmembers Cabanayan, Bernabe, Nalogon, and Gonzaga reported to the U.S. Attorney's Office for appearances before the grand jury;

6. Mr. Gonzaga was provided with a copy of his Compulsion Order and appeared before the grand jury on that date from approximately 12:35 p.m. until approximately 2:10 p.m.;

7. Mr. Nagolon was provide with a copy of his Compulsion Order and appeared before the grand jury on that date from approximately 2:10 p.m. until approximately 3:00 p.m. At that time, government counsel stated the grand jury had to adjourn because it no longer had a quorum;

8. After a discussion between counsel for the Detained Crewmembers and counsel for the government, it was agreed that these same crewmembers would return for grand jury on May 14, 2021 and that the subpoenas for Detained

Crewmembers Baliad and Akkaya, scheduled to appear on May 14, 2021, would be continued;

9. On Thursday, May 13, 2021, counsel for the Detained Crewmembers was advised by the government that he should bring the four Detained Crewmembers he had brought to the grand jury on April 30, 2021, plus Detained Crewmember Manuel Baliad, to the grand jury at 10:00 a.m. on Friday, May 14, 2021. (The government advised that a second grand jury meets every other Thursday, but said that grand jury has no time available for this matter);

10. On May 14, 2021, Detained Crewmember Nalogon was recalled to the grand jury. After he was finished, Detained Crewmember Bernabe was given a copy of his Compulsion Order and testified before the grand jury. Then, Detained Crewmember Cabanayan was given a copy of his Compulsion Order and testified before the grand jury;

11. The grand jury adjourned at approximately 4:50 p.m.;

12. The government advised undersigned counsel following adjournment of the grand jury that it would like to have Messrs. Nalogon, Cabanayan and Baliad appear before the grand jury on May 28, 2021. It advised that it does not know at this time, and will not know until Wednesday, May 26, 2021, whether it will have time for Detained Crewmember Akkaya to testify on May 28, 2021;

13. Detained Crewmemebers have now been in the functional equivalent of custody for over two months, since March 11, 2021, when the Coast Guard first boarded the M/V Joanna.

These facts supplement the instant Motion and represent developments – or the lack of developments – since the instant Motion, the government Response,

and the Detained Crewmembers' Reply thereto were filed and are intended for the Court's consideration in advance of the Status Conference the Court scheduled for Monday, May 17, 2021 (R.Doc. 42).

It is apparent after appearing before the grand jury on April 30, 2021 and May 14, 2021, that the government is proceeding more slowly than it anticipated. The delay does not appear to be caused by any delay by the Detained Crewmembers. They have been available throughout (other than Mr. Tan who was allowed to return home for a funeral and is scheduled to return). The government apparently has all the information it needs to question the witnesses. Indeed it has had the arguably relevant documents and electronics off the vessel since early March. The delay is due to the government's pacing and whatever priorities the government has set concerning grand jury time.[1]

Although the Detained Crewmembers' counsel appreciates logistical difficulties during the pandemic, those same difficulties have added to the fear and anxiety of the Detained Crewmembers, who are detained in hotels and regularly in fear of contracting the coronavirus disease while appropriate steps are taken to protect grand juries and others.

As set forth in the Detained Crewmembers motion and in detail at pages 8 to 9 of their reply brief, there exists the simple expedient of this Court ordering that the government depose the Detained Crewmembers to preserve their grand jury testimony. *See United States v. Awadallah*, 349 F.3d 42, 60 (2nd Cir. 2003). This Court has the authority to "limit the deposition according to grand jury

---

[1] Undersigned counsel was advised that the government was hoping to have new grand juries impaneled this month to alleviate this problem but does believe that that has yet happened.

4

protocol, for example by limiting the witness's right to have counsel present during the deposition or by permitting the use of hearsay." *Id*.

Given the ongoing delays, the Detained Crewmembers who have not yet testified, or who are being recalled by the government, respectfully reiterate their request that this Court order that their grand jury testimony be taken by deposition forthwith and that they, thereafter, be discharged from the Material Witness Warrants issued on March 25, 2021.  For those who have testified, they request that they be immediately be discharged from their Material Witness warrants and allowed to return home until such time, if ever,  as their testimony is needed again.  As previously stated, they will return if their testimony is needed in any subsequent criminal case.  They have directed counsel to accept service of any such subpoena.

Dated at Portland, Maine, this 15th day of May, 2021.


Attorneys for Detained Crewmembers

/s/Caroline Gabriel_____
Caroline Gabriel (La. Bar No. 38224)
Most & Associates
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
Email: caroline.gabriel.ma@gmail.com

/s/ Bruce M. Merrill_____
Bruce M. Merrill, (Me. Bar No. 7623)
Pro Hac Vice
Law Offices of Bruce M. Merrill P.A.
225 Commercial Street/Suite 501
Portland, ME  04101
(207)  775-3333
E-mail: mainelaw@maine.rr.com

CERTIFICATE OF SERVICE

      I hereby certify that on the 15th day of May, 2021, I electronically filed the above *Supplement to Motion to Quash* on behalf of the above-named Detained Crewmembers, with the Clerk of Court, using the CM/ECF system which will send notification of such filings to all other counsel of record.

                       /s/ Bruce M. Merrill
                       Pro Hac Vice
                       Law Offices of Bruce M. Merrill, P.A.
                       225 Commercial St./Suite 501
                       Portland, ME  04101
                       207/775-3333 (Tel.)
                       207/775-2166 (FAX)
                       E-Mail: mainelaw@maine.rr.com
                       Attorney for Detained Crewmembers
                       Other than Chief Tan