# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

In Re: *M/V JOANNA*            \*      MISC. NO.: 21-mc-592

### SUPPLEMENTAL MEMORANDUM OF THE DETAINED CREWMEMBERS IN SUPPORT OF THEIR REQUEST TO COMPEL THE GOVERNMENT TO TAKE THEIR GRAND JURY TESTIMONY BY ONE-PARTY DEPOSITION AND RELEASE THEM PROMPTLY

NOW COME the Detained Crewmembers and supplement their prior arguments that if the pending grand jury proceeding is a criminal proceeding within the meaning of the material witness statute, 18 U.S.C. §3144, (a) the government should be required to take or complete their grand jury testimony promptly by one-party depositions and release them, (b) that grand jury proceedings are separate and distinct from potential judicial criminal proceedings, and (c) that if the government wishes to hold the Detained Crewmembers as witnesses to a judicial criminal proceeding the government must actually initiate such a proceeding by filing a complaint or indictment. In other words, no statute, rule or reason allows the government to hold the Detained Crewmembers as witnesses to *potential* judicial criminal proceedings the government *has chosen not* to bring.

### FACTUAL AND PROCEDURAL BACKGROUND

The government has had the Detained Crewmembers in its custody since March 11, 2021. It requested and obtained an ex parte warrant to arrest them as a supposed witnesses to "a Coast Guard investigation" on March 25, 2021. Four days later, on March 29, 2021, Chief Tan filed his motion to quash that warrant and for other relief. (Document 20). All Detained

Crewmembers joined the filing. At the time of Chief Tan's prompt filing, no grand jury proceeding existed, and he contended that the warrant should be quashed for that and other reasons. At page 30 of his supporting memorandum, however, Chief Tan also explained that

> even if a grand jury proceeding were pending, any information available to Chief Tan could be provided promptly assuming he is granted immunity (and cannot be compelled otherwise). He could give a deposition this week, which would be fully admissible before the grand jury.
>
> Should the grand jury indict, Chief Tan is willing to return. He is willing to appoint the undersigned counsel to accept any subpoena for him. This is not a complicated case. And the government is not entitled to hold Chief Tan as a "witness" to an investigation that might turn into a grand jury proceeding, that might give rise to an indictment and that might, in turn, generate a trial in a year or more – all by falsely suggesting those different matters are a single proceeding and at great inconvenience to Chief Tan.

(Document 20-1, p. 30.) Chief Tan's memorandum filed with his motion to quash further explained that grand jury proceedings are separate and distinct from judicial criminal proceedings, as follows:

> Proceedings before the grand jury are not properly understood to be judicial proceedings because "[t]he federal grand jury 'has not been textually assigned' to any of the three branches of government." *Id*., (*citing United States v. Williams*, 504 U.S. 36, 47 (1992). The grand jury "is thus a 'constitutional fixture in its own right' and 'not an arm of the district court.'" *Id., citing Williams,* 504 U.S. at 47. The grand jury remains "'at arm's length' from the judicial branch." *Id*., *citing United States v. Williams*, 504 U.S. at 47 *and Stern v. U.S. Dist. Court for the Dist. of Mass*., 214 F.3d 4, 15 (1st Cir. 2000). For these reasons, "it is doubtful that the grand jury falls within the definition of 'proceeding' as the word is used in the judicial recusal statute." *In re Vazquez-Botet*, 464 F.3d at 58 n. 6. Grand jury proceedings instead are separate and apart from both "trial and pretrial [criminal] proceedings in the district court." *United States v. Vazquez-Botet*, 532 F.3d 37, 48 (1st Cir. 2008).

Document 20-1, p. 12.

The government was afforded three weeks to respond to the motion Chief Tan filed four days after being arrested. The government's response, filed April 13, 2021, did not address the question whether the grand jury proceeding, which the government contended was then pending, was a unitary proceeding that included any judicial criminal proceedings that might be initiated

later by the filing of a criminal complaint or indictment. But the government implied such proceedings were unitary "criminal proceedings" within the meaning of the material witness statute by arguing that "the purpose of Rule 15 depositions is 'to preserve testimony for trial,'" thus suggesting without authority that the Court may and should arrest and detain grand jury witnesses until their testimony can be secured for the trial of cases the government has not yet brought.[1] The government failed entirely to address Chief Tan's contention that the government should be required to preserve his grand jury testimony by taking a one-party deposition and then release him since grand jury proceedings are separate from judicial proceedings.

At page 9 of their reply memorandum, filed April 16, 2021, two days after the government's response, the Detained Crewmembers explained that the case on which the government principally relied to contend that a grand jury proceeding is a "criminal proceeding" within the meaning of the material witness statute, *United States v. Awadallah*, 349 F.3d 42 (2d Cir. 2003), also made clear that a grand jury witness's testimony for the grand jury may and should be taken by a one-party deposition and the witness promptly released – correctly and clearly implying that any judicial criminal case that might or might not be initiated (whenever the government chooses) by the filing of a complaint or indictment is separate and distinct from the grand jury investigation. The Detained Crewmembers' reply explained as follows:

> If a grand jury proceeding is a criminal proceeding, it surely follows that a subsequent criminal prosecution initiated by an indictment that might or might not issue is a *separate* criminal proceeding.
>
> Indeed, in the case on which the government primarily relies to argue that grand jury proceedings are criminal proceedings within the meaning of section 3144, *United States v. Awadallah*, *supra*, the Second Circuit *encouraged* the district court to order a one-party deposition to preserve the witness's grand jury

---

[1] During Monday's status conference with counsel for some of the Detained Crewmembers, the Court suggested that it was hoping to complete Rule 15 depositions by mid-July. As counsel for the Detained Crewmembers explained, to the extent the Court has in mind depositions that include whatever defendants the government or the grand jury may subsequently charge, such depositions are part of the judicial criminal proceedings that do not yet exist, and neither the material witness statute nor any other authority allows the government (or a potential defendant for that matter) to hold a witness for a case that has not yet been commenced.

3

testimony – and then release him.   The court explained, "*We conclude that the deposition mechanism is available for grand jury witnesses detained under § 3144. . . .The district court is thereby authorized to order a deposition and to release the witness once it has been taken.*" United States v. Awadallah, 349 F.3d at 60[emphasis added].  The court noted that although dispositions are atypical in grand jury proceedings, the district court had authority under Rule 15 to "limit the deposition according to grand jury protocol, for example by limiting the witness's right to have counsel present during the deposition or by permitting the use of hearsay." *Id*.  The court further explained that Federal Rule of Criminal Procedure 46 supports the conclusion that prompt pre-indictment grand jury depositions are encouraged with respect to any witness detained for grand jury testimony.  The relevant language is now found in Rule 46(h)(2), which provides as follows:

> An attorney for the government must report biweekly to the court, listing each material witness held in custody for more than 10 days pending indictment, arraignment, or trial. For each material witness listed in the report, an attorney for the government must state why the witness should not be released with or without a deposition being taken under Rule 15(a).

(Document 37, p. 9.)

## ADDITIONAL DISCUSSION

The government has never explained how a grand jury proceeding and a *potential* judicial criminal proceeding can possibly be a single unitary "proceeding" under the material witness statute given the grand jury's status as entirely separate from both the judicial and executive branches.  The short answer, of course, is the proceedings separate and distinct.  Statutory references to grand jury proceedings recognize their separate status.  For example, 18 U.S.C. §1623 makes is a crime to make a false statement under oath "to any court **_or_** grand jury." (Emphasis added.) Subsection (d) of that section establishes a defense where the witness corrects his statement, but only if the correction is made "in the same continuous court **_or_** grand jury proceeding" (emphasis added) and before the false statement substantially affects the particular proceeding, as follows:

> (d) Where, in the same continuous court or grand jury proceeding in which a declaration is made, the person making the declaration admits such declaration to be false, such admission shall bar prosecution under this section if, at the time the

> admission is made, the declaration has not substantially affected the proceeding, or it has not become manifest that such falsity has been or will be exposed

If, as the government mistakenly implies, grand jury proceedings were part and parcel of judicial criminal proceedings, such statutes would reference "court proceedings, including the portion of those proceedings before the grand jury." Neither statutes nor court decisions refer to grand jury proceedings as "part of" separate judicial criminal proceedings, however, precisely because they are distinct. Instead, it is well established that:

> The grand jury is not a judicial tribunal but rather an informing or accusing body While an appendage of the court it does not conduct its proceedings judicially and when after its secret ex parte investigation it finds and returns to the court an indictment against a defendant its function with respect to that defendant is ended. It is clear, therefore, that the investigation of a grand jury is a proceeding which is wholly separate and distinct from, and of a different nature than, the subsequent trial of the defendant in the district court.

*In re Neff,* 206 F.2d 149, 152 (3d Cir. 1953). Accordingly, "[a] grand jury investigating a suspect and a court trying an accused thus engage in separate and dissimilar functions." *United States v. Coachman*, 752 F.2d 685, 691 (D.C. Cir. 1985).

Because the proceedings are separate, a waiver of a right before the grand jury does not affect a waiver of that right in the separate judicial criminal proceeding that may follow if an indictment is returned. For example, the Seventh Circuit has noted that "one who has freely given non-immunized grand jury testimony may nonetheless assert the Fifth Amendment privilege in subsequent proceedings." *In re Corrugated Container Antitrust Litigation*, 661 F.2d 1145, 1155 n. 15 (7th Cir. 1981). *See, e.g.*, *United States v. Cain*, 544 F.2d 1113, 1115 (1st Cir. 1976) (Justice Clark, sitting by designation); *United States v. Johnson*, 488 F.2d 1206, 1208 (1st Cir. 1973) *citing* 8 Wigmore on Evidence § 2276, 470-72 (McNaughton rev. 1961; Supp. 1972)("The waiver involved is limited to the particular proceeding in which the witness volunteers the testimony. . . . His voluntary testimony . . . before a grand jury, or other preliminary and separate proceeding, is therefore not a waiver for the main trial").

Section 2518(10)(a) of the criminal code, though not referring specifically to the grand jury, allows a motion to suppress before a "trial, hearing, or proceeding." 18 USC § 2518(10)(a). Reviewing the legislative history, the Third Circuit observed: "The drafter of §518(10)(a) clearly regarded a grand jury proceeding as something distinct from a court proceeding . . ." *In re Grand Jury*, 111 F.3d 1066, 1076 n. 12 (3d Cir. 1997).

Even a court proceeding on a motion to release the transcript of a witness's grand jury testimony "constitutes a judicial proceeding separate and apart from the grand jury proceedings . . ." *In re Sealed Motion*, 850 F.2d 1367, 1380 n. 17 (D.C. Cir. 1989).

As the Detained Crewmembers have previously explained, the fact that grand jury proceedings are separate and distinct from judicial criminal proceedings does not mean that the government cannot, if it so chooses, promptly secure the Detained Crewmembers trial testimony. The government may initiate a *judicial* criminal proceeding at any time, by the simple expedient of filing a criminal complaint. The government has delayed doing so either because it lacks probable cause or because government counsel sees benefit in delay.

The Detained Crewmembers note finally that the government is investigating its theory that the M/V JOANNA arrived in New Orleans with misleading *records* on which the government never relied concerning events the government *speculates* occurred *outside* the United States.[2] Such an investigation should not (and in any other circumstance would not)

---

[2] During argument on the motion to quash, the Court asked the government what the consequences were if events on the high seas unfolded as the government speculates, obviously focusing on the potential for high seas pollution from the JOANNA. But the government's response did not address the quantity of high seas pollution it speculates could have come from the JOANNA. Instead, government the counsel referenced an unidentified report that on a world-wide basis petroleum pollution from the thousands of vessels that make up the world's fleet (the United Nations reports the commercial fleet alone includes over 50,000 vessels, *reported here:* https://unctad.org/system/files/official-document/rmt2017ch2_en.pdf) annually exceeds the pollution from the Exxon Valdez. In considering the government's non-responsive comment, it is worth noting that even if a discharge occurred on the high seas (which is absolutely not conceded) the *theoretical* "discharges occurring on the high seas are not (and cannot be) part of (any) offense of conviction (in this country), cannot be relevant conduct, and consequently cannot be used to enhance the offense level calculation" *even if* a charge is ever brought and proven. *United States v. Vastardis*, 20 U.S. Dist LEXIS 68748, p. 6. *See also United States v. Abrogar*, 459 F.3d 430, 435 (3d Cir. 2006). Moreover, the government's non-responsive comment concerning the world-wide volume of discharges is highly misleading. Many petroleum discharges from vessels, especially of tankers carrying petroleum

require recalling witnesses to the grand jury multiple times. Even if the government were investigating events that *actually affected* the United States, the government should be required to comply with the law and recognize the rights of these Detained Crewmembers. The law treats the pending grand jury investigation as a separate proceeding from whatever judicial criminal proceeding may or may not be initiated.

## CONCLUSION

The Detained Crewmembers respectfully note that none of the legal challenges they have raised to the warrants for their arrest have yet been resolved. Without waiving or minimizing the importance of those challenges, they respectfully request that the Court promptly rule that the pending grand jury proceeding is a separate and distinct proceeding from any judicial criminal proceeding the government may initiate, that the Detained Crewmembers' grand jury testimony must be taken promptly by one-party depositions and that the Detained Crewmembers then be promptly released. That ruling should, of course, be without prejudice to the government's right to commence a judicial criminal proceeding if the government has probable cause and the desire to do so. But the Court should not be facilitating the government's unnecessary delay or the prolonged detention of these Detained Crewmembers.

Dated at Portland, Maine, this 18th day of May, 2021.

/s/ Edward S. MacColl
Edward S. MacColl, Me #2658
Attorney for Warlito Tan
Thompson, MacColl & Bass, LLC, P.A.
15 Monument Square
P.O. Box 447

---

cargo, are lawful. Furthermore, other reports suggest more oil arrives in the ocean from motor vehicles whose oil leaks onto paved roads wash into the sea than from vessels. And in all likelihood more oil still seeps into the ocean from natural oil seeps. This is not to suggest that oil pollution is unimportant, although it is a scientific fact that nature handles high numbers of smaller discharges far more efficiently than singular events such as the Exxon Valdez. The crucial point is that efforts of a small band of Washington D. C. government lawyers to disregard the system of international enforcement prescribed by MARPOL and APPS and to hold entirely innocent foreign seafarers in this foreign country for months on end as leverage in their effort to punish foreigners for suspected high seas conduct are both wrongful and entirely disproportionate to any cause these misguided lawyers may believe they are furthering.

Portland, ME 04112-0447
(207) 774-7600
emaccoll@thomport.com

/s/ Bruce M. Merrill
Bruce M. Merrill
Pro Hac Vice Attorney for
Haldun Akkaya, Manuel Magayon Baliad II,
Bienvenido Cabanayan Jr., Gerone Bernabe,
Nimuel Nalogon, and Louie Gonzaga
Law Offices of Bruce M. Merrill, P.A.
225 Commercial Street/Suite 501
Portland, ME 04101
(207)775-3333
mainelaw@maine.rr.com

/s/ Caroline Gabriel
Caroline Gabriel, Bar No. 38224
William Most, Bar No. 36914
For all Detained Crewmembers
Most & Associates, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 509-5023
caroline.gabriel.ma@gmail.com
williammost@gmail.com

CERTIFICATE OF SERVICE

    I hereby certify that on the date stated above, I electronically filed the forgoing document on behalf of the above-named Detained Crewmember, with the Clerk of Court, using the CM/ECF system which will send notification of such filings to all other counsel of record.

/s/ Edward S. MacColl