UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: M/V JOANNA  *  MISC. NO. 21-mc-592
                                         *  SECTION: MAG
                                         *
                                         *
                                         *
                                         *
                                         *

**UNITED STATES' RESPONSE TO SUPPLEMENTAL MOTION
TO QUASH OR VACATE MATERIAL WITNESS WARRANTS**

      The United States, by and through the undersigned attorneys, hereby submits this supplemental response regarding the motion to quash or vacate material witness warrants as requested by the Court. The issue to be briefed, as articulated by the Court, is "whether the grand jury proceeding and the anticipated future court proceeding are separate proceedings requiring separate material witness warrants." For the reasons set forth below, it is the government's position that 18 U.S.C. § 3144 does not require a new application and warrant to designate the same individuals to be material witnesses regarding substantially the same facts and allegations. However, the same substantive requirements set forth in the statute continue to apply at every stage.

### Ripeness

      Having decided that a grand jury is a criminal proceeding, and that the standards set forth in § 3144 have been satisfied (i.e., "If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena…."), this Court need venture no further at this juncture. The Court need not decide now whether there will be a continuing need for the witnesses

1

to remain in the United States if and when any indictment is returned, or, for that matter, whether a new warrant must be sought and issued to retain the material witnesses after any indictment. The Court properly framed the issue when it explained that "[a]s a practical matter, the grand jury investigation will be ongoing until the indictment is issued or the government concludes it is unable to obtain an indictment." Order and Reasons at 26. Matters of such contingency and conjecture are generally not ripe for judicial consideration. *See, e.g., New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583, 586-87 (5th Cir. 1987). The Court's Order and Reasons observed that even if the law required a new material witness warrant, "the issue raised by the witnesses is moot" because it would likely be possible to obtain a new material witness warrant nearly simultaneously to the ensuing criminal proceeding. Order and Reasons at 27. As such, the Court held that the issue of whether a new material witness warrant is required is "premature" – *i.e.*, not ripe. That said, we understand that for planning purposes, it is nevertheless wise to have a common understanding as to how matters should unfold if charges are brought.

## Practical Considerations

In view of the procedures adopted by the Court in this matter, the process should be seamless. Whether or not criminal charges stemming from this investigation are viewed as a separate criminal proceeding is beside the point.[1] The question, at any point in time, is whether the requisite standard set forth in § 3144 has been and remains satisfied for each person designated as a material witness. That is the manifest purpose of the reporting requirement for "detained"

---

[1] The answer might be different if a truly separate investigation resulted in totally different charges than those identified in the material witness warrant. For example, if the charges brought against those associated with the ship were for wholly unrelated offenses such as terrorism or smuggling, and not for violations related to the Act to Prevent Pollution from Ships or the Port and Waterways Safety Act, then the Court might require a new showing as to those matters.

witnesses in Rule 46(h)(2), which this Court has adopted in essence even though it does not technically apply since the witnesses are not in custody. Order and Reasons at 26 and n.10.

The government anticipates that the Court will continue to supervise the material witnesses, including after any charges are brought. At that juncture, and upon consideration of what offenses are charged, if any, the government will consider whether any of the witnesses may be released. Although § 3144 does not require the government to submit a new application to designate the same individuals to be material witnesses regarding the same allegations, the same substantive requirements set forth in the statute continue to apply. However, after any charges are brought, the Court will also need to consider the views of any defendants since they may have an interest in a witness that the United States might otherwise discharge.

It bears mentioning that at the time movants first advanced their various theories, they promoted the counterintuitive theory that a grand jury proceeding is not a criminal proceeding. Movants argued that if they could not be held for the grand jury investigation, then they also could not be held for a lengthy period for a future trial-related proceeding that had not begun and was not imminent. These issues have been rendered moot by the Court's Order and Reasons which held that a federal grand jury investigation is a criminal proceeding. What matters is that the requirements of § 3144 have been satisfied at any given point in time. Thus, even if movants are correct in advancing the unremarkable notion that a grand jury proceeding is "separate" from post-indictment proceedings, it would be of no practical or legal consequence. At the time movants requested that the Court "promptly rule that the pending grand jury proceeding is a separate and distinct proceeding from any judicial criminal proceeding" Doc. 52 at 7, it was in tandem with other now rejected arguments that one-party depositions should be required in lieu of grand jury testimony and that the material witnesses be released immediately thereafter. In other words, it is

all part of an effort to leave the jurisdiction before their testimony can be preserved in a way that it might possibly be used at trial. The United States respectfully suggests that the Court should decline rendering legal opinions of no consequence, particularly when the questions initially presented by movants are now moot.

If and when charges are brought, the United States anticipates the following: (1) the government will revisit whether it has a need to preserve the testimony of some or all of the material witnesses; (2) the government will provide expeditious discovery to any defendants; (3) the government will seek the scheduling of expeditious depositions pursuant to Rule 15; (4) the government will seek the setting of a trial date so that the material witnesses may be released with a date certain by which they are required to reappear; (5) the government will serve the material witnesses with trial subpoenas prior to their departure.[2]

## **Legal Analysis**

Criminal matters involve a variety of separate proceedings, including grand jury, initial appearance, arraignment, bond hearing, motions hearings, trial, sentencing, forfeiture, Rule 15 depositions, and any collateral proceedings (e.g., multiple trials of co-defendants). Congress was certainly aware of these different stages when it enacted § 3144. *See* Rule 1, Federal Rules of Criminal Procedure. *See also* S. Rep. No. 98–225, at 28 note 98 (1983) (noting material witness statute's applicability to witnesses in grand jury proceedings, as well as other proceedings). Grand jury proceedings may be "separate" (a word not appearing in the material witness statute), but they are also condition precedent to indictment and thus integrally related to post-indictment proceedings. Thus, it would make no practical sense or difference to impose a requirement not set

---

[2] Movants' counsel has moved to quash trial subpoenas in other cases.

forth in the statute. Congress could have imposed a requirement that a new material witness warrant must be sought and granted for each stage of prosecution, but it did not do so.

The Government submits that although grand jury proceedings and post-indictment proceedings are distinct, they are also inextricably intertwined. Not only is the grand jury a prerequisite, but the testimony deemed material for an indictment will almost always be relevant to conviction at trial. There is no textual basis, and no caselaw to support the proposition that material witness warrants may only be sought and obtained for a single proceeding or that separate material witness warrants, arrest, and hearings are required at each stage of a criminal matter.[3]

The plain language of the statute anticipates that there may be instances where a material witness may need to be retained for future proceedings. Section 3144 states: "No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, *and if further detention is not necessary to prevent a failure of justice*." 18 U.S.C. § 3144 (emphasis added). The Fifth Circuit has interpreted the phrase "failure of justice" to apply if a deposition would not serve as an "adequate substitute" for the witness's live testimony. *Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 413 (5th Cir. 1992). *Accord United States v. Huang*, 827 F. Supp. 945 (S.D.N.Y. 1993) ("failure of justice" would occur if Court were to order the release of material witnesses when their presence was necessary to vindicate the defendants' Sixth Amendment right to confront witnesses). To the extent that movants are arguing that they must be released immediately upon the conclusion of the their grand jury testimony, or if and when the grand jury returns an indictment, that too would result in failure of justice because it would either deprive defendant(s) from obtaining potentially exculpatory

---

[3] The cases cited by movants do not address and have no bearing on the question posed by the Court.

testimony for the charges brought or deprive any defendants from confronting witnesses that provided inculpatory evidence, and because it would obstruct the ability of the United States to prosecute serious violations of federal criminal law committed in the United States. Movants' argument also ignores the Court's finding, consistent with the facts and the material witness statute, that "once the witnesses are beyond the jurisdiction of this court, there is simply no way to enforce their return" and thus "it is impracticable to secure the presence of the witnesses by subpoena." Order and Reasons at 23.

Undersigned counsel have been unable to locate any case within the district, Fifth Circuit, or otherwise in which separate warrants were sought under § 3144 for the same witness in the same or a related matter. Meanwhile, there are many instances, including ones in which movant's counsel have been involved, where no new material witness warrant was sought, issued or required after indictment. The lack of any precedent for the proposition that new warrants *are required* to re-arrest material witnesses is likely attributable to the construction of the statute itself, which authorizes a judicial officer to order the arrest of a witness where appropriate, and also to fashion the appropriate conditions for release if the witness's testimony may be "adequately secured" by deposition. These procedural safeguards ensure that material witnesses will only be detained for as long as is reasonably necessary. Accordingly, there is no legal requirement or practical need for a new warrant since the statutory framework and this Court's practice already provide a framework for minimizing the risk of unnecessarily prolonged retention.

## Conclusion

Regardless of how the relationship between grand jury proceedings and post-indictment proceedings are characterized, the United States respectfully suggests that a new material witness warrant is not required if and when a case is indicted. Since this question is not ripe, and because

movants' request for a ruling about whether grand jury and post indictment proceedings are "separate" is not relevant and/or has been overtaken by events (*i.e.,* the Court's Order and Reasons), the government does not believe that any further Order by the Court is necessary.

Respectfully submitted,

| | |
|---|---|
| JEAN E. WILLIAMS | DUANE A. EVANS |
| Acting Assistant Attorney General | United States Attorney |
| Environmental & Natural Resources Division | |
| U.S. Department of Justice | |
| | |
| *s/ Richard A. Udell* | *s/ G. Dall Kammer* |
| Richard A Udell | G. Dall Kammer (26948) |
| Senior Litigation Counsel | Assistant U.S Attorney |
| Environmental Crimes Section | 650 Poydras Street, Suite 1600 |
| U.S. Department of Justice | New Orleans, LA 70130 |
| 150 M St., N.E./Room 4206 | Telephone: (504) 680-3168 |
| Washington, D.C. 20044 | Email: dall.kammer@usdoj.gov |
| Telephone: (202) 305-0361 | |
| Email: richard.udell@usdoj.gov | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all defense counsel of record.

*s/ G. Dall Kammer*
G. DALL KAMMER
Assistant United States Attorney