UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **MISC. NO. 21-mc-592** |
| **IN RE: MV JOANNA** | * | **SECTION: MAG** |
| | * | |
| | * | |
| * * * | | |

**UNITED STATES' UNOPPOSED MOTION FOR A DISCOVERY PROTECTIVE ORDER AND LEAVE TO PRODUCE GRAND JURY MATERIALS**

**NOW INTO COURT**, through the undersigned attorneys, comes the United States of America who respectfully moves this Honorable Court for the entry of a protective order to protect the confidential and sensitive nature of the documents provided to the interested parties during pre-indictment discovery and to permit the government to produce grand jury materials pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i). Counsel for the interested parties ("Party Counsel") have been consulted and agree to the proposed protective order. In support thereof, the United States respectfully submits the following:

1. In preparation for potential depositions and trial, the United States will produce extensive discovery to Party Counsel. The discovery will include electronic communications, financial documents, banking records, records of matters occurring before the grand jury and other sensitive and confidential materials. Documents disclosed during discovery may contain personal identifying information, sensitive information, grand jury materials and confidential information related to third parties.

2.      In the interest of complete discovery, the United States will provide these materials without redactions. However, consistent with Department of Justice policy, the United States must ensure that the documents disclosed during discovery that contain records of matters occurring before a grand jury, records containing personal identifying information, and otherwise confidential and sensitive materials are appropriately protected.

3.      Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides, in pertinent part: "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief," and Rule 6(e)(3)(E) of the Federal Rules of Criminal Procedure permits court authorized disclosure of grand jury materials in certain circumstances. Rule 6(e)(3)(E) provides, in pertinent part, that a court: "may authorize disclosure at a time, in a manner, and subject to any other conditions that it directs of a grand-jury matter: (i) preliminarily to or in connection with a judicial proceeding ...." Pursuant to these provisions, courts routinely issue protective orders during discovery.

4.      Given the United States' strong interest in protecting grand jury secrecy and the confidential and sensitive nature of personal information which might be disclosed in the discovery materials, the United States respectfully proposes the entry of a protective order. To that end, the United States proposes a protective order that contains the following conditions:

**PROPOSED ORDER**

a.    The United States may provide discovery, including grand jury material, (collectively, "Protected Material") to Party Counsel. Party Counsel (and their clients, consultants and experts) shall not use the Protected Material for any purpose other than preparing a defense to this matter or in preparation for potential depositions.

b.    Party Counsel will make the Protected Material available to their clients, consultants and experts for review under circumstances that ensure personal identifying information and references to grand jury matters are not further disseminated to the public.

c.    Party Counsel shall not permit other persons to copy the Protected Material, and shall not disseminate copies of the Protected Material. However, Party Counsel may make copies necessary to prepare a defense or prepare for potential depositions, and may distribute copies to staff personnel assisting in the defense or depositions. Party Counsel may also provide copies to any consultant and/or expert retained to assist in the preparation of a defense of this matter or in preparation for potential depositions. Should Party Counsel provide disclosure and copies to other individuals assisting in this matter, Party Counsel shall provide such persons with a copy of this protective order and advise such persons that the Protected Material is not to be further copied or disseminated. Party Counsel will also ensure that such persons return or destroy all copies of the Protected Material as soon as reasonably practicable after the conclusion of the matter. Party Counsel shall also maintain an accurate inventory of all Protected Materials disseminated or released to individuals other than the Party Counsel clients. This inventory shall include a list of all individuals that accessed or reviewed Protected Materials.

d. Prior to including any portion of a Protected Material in a public filing, Party Counsel will also adhere to the restrictions outlined in Rule 49.1 of the Federal Rules of Criminal Procedure (Privacy Protection for filings Made with the Court).

e. Disclosure consistent with this protective order shall be deemed authorized by law and not to violate 18 U.S.C. § 1905, the Privacy Act (5 U.S.C. § 552a, *et seq*.) or Rule 6(e) of the Federal Rules of Criminal Procedure.

f. This order may be revised by the Court at any time upon a proper showing of cause, and nothing in this order shall preclude the defense upon a proper showing of cause from seeking additional discovery from the United States or from conducting an independent investigation of the matter.

**WHEREFORE**, the United States respectfully requests this Court to enter the proposed protective order.

New Orleans, Louisiana, this 12th day of August, 2021.

Respectfully Submitted,

| | |
|---|---|
| TODD KIM<br>Assistant Attorney General<br>Environmental & Natural Resources Division<br>U.S. Department of Justice | DUANE A. EVANS<br>United States Attorney |
| *s/ Richard A. Udell*<br>Richard A Udell<br>Senior Litigation Counsel<br>Environmental Crimes Section<br>U.S. Department of Justice<br>150 M St., N.E./Room 4206<br>Washington, D.C. 20044<br>Telephone: (202) 305-0361<br>Email: richard.udell@usdoj.gov | *s/ G. Dall Kammer*<br>G. Dall Kammer (26948)<br>Assistant U.S Attorney<br>650 Poydras Street, Suite 1600<br>New Orleans, LA 70130<br>Telephone: (504) 680-3168<br>Email: dall.kammer@usdoj.gov |

*s/ Kenneth Nelson*
Kenneth Nelson
Senior Trial Attorney

Environmental Crimes Section
Telephone: (202) 305-0435
Email: Kenneth.Nelson3@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/ Kenneth Nelson*
Kenneth Nelson
Senior Trial Attorney
Environmental Crimes Section
Telephone: (202) 305-0435
Email: Kenneth.Nelson3@usdoj.gov